## CIRCUIT COURT OF LANCASTER COUNTY

Grace P. Lewis

v.

Virginia Employment Comm'n
and Hudson-Blunt Insurance
Agency, Inc.

July 30, 1997

BY JUDGE JOSEPH E. SPRUILL, JR.

This petition, filed by Grace P. Lewis pursuant to Va. Code § 60.2-622, seeks judicial review of a decision rendered by the Virginia Employment Commission disqualifying her from unemployment benefits.

Mrs. Lewis formerly owned jointly with her sister, Margaret P. Saunders, an insurance agency in Lively, Virginia. In June, 1995, they sold the agency to Hudson-Blunt Insurance Agency, Inc. Thereafter, Mrs. Lewis became employed by Hudson-Blunt as office manager, working three days at a salary of $200.00 per week, plus a health benefit of $333.00 per month. Upon the commencement of her employment, the claimant and the employer agreed that the conditions and terms of her employment would be re-examined after about three months.

Pursuant to the agreement to renegotiate claimant's employment, the employer offered to increase claimant's work schedule to five days per week and increase her work hours from 9:00 a.m. until 5:00 p.m. (instead of from 9:00 a.m. to 4:30 p.m.) and to increase her salary to $300.00 per week. In addition, the employer proposed to reduce the reimbursement for the claimant's health to $206.00 per month. The claimant rejected the employer's offer and made a counter-proposal, which employer rejected. After continued negotiations, the claimant and the employer reached an impasse. The claimant was then informed that unless she agreed to the employer's proposal, she would be terminated December 31, 1995. After an acrimonious exchange between claimant and the employer on December 20, claimant ended her employment and left the premises.

After a series of hearings, the Commission's final conclusion was that claimant left work voluntarily without good cause and is therefore disqualified from receiving unemployment compensation.

Mrs. Lewis asserts that her employer's action in increasing her hours of employment while reducing her hourly rate of compensation and her benefits and the subsequent inability of the parties to reach an accord constitute "good cause" for her departure.

An individual is disqualified from unemployment compensation benefits if he leaves work voluntarily without good cause. Va. Code § 60.2-618(1).

The facts as found by the Commission if supported by the evidence in the absence of fraud are conclusive. Va. Code § 60.2-625(a). There appear to be no factual disputes here, and the facts as recited above are those adopted by the Commission. The sole issue is whether Mrs. Lewis quit her employment for good cause.

The claimant did not object to extending her work week from three days to five days but did object to the reduction in her hourly wage rate and the medical benefit. It is established that the claimant left work voluntarily. Therefore, the burden is upon her to demonstrate good cause for leaving work.

The Commission, in finding that claimant lacked good cause to voluntarily quit her employment, relied upon the interpretation of "good cause" set forth in *Umbarger v. V.E.C.*, 12 Va. App. 431 (1991):

> [W]hen determining whether good cause exists for a claimant to voluntarily leave employment, the Commission and the reviewing courts must first apply an objective standard to the reasonableness of the employment dispute and then to the reasonableness of the employee's efforts to resolve that dispute before leaving the employment. In making this two-part analysis, the claimant's claim must be viewed from the standpoint of a reasonable employee.

In *Umbarger*, the employee quit when she discovered a recently-hired male employee was making forty cents more per hour than she. The court determined that Ms. Umbarger reasonably believed she was a victim of sexual discrimination and concluded that she had left her employment for good cause. We note that *Umbarger* did not involve a reduction in pay; rather her complaint was that a co-worker was paid more.

There is no claim of discrimination in the instant case. However, the factual findings establish that the claimant was asked to accept a reduction in her hourly pay from $8.88 to $7.50. Further, she was asked to accept a reduction in her health benefit from $333.00 to $206.00 per month. This is, in

the court's view, a significant reduction in pay and benefits. A reasonable employee would be likely to dispute the imposition of such a reduction. Applying an objective standard to the first prong of the two-part analysis set forth in *Umbarger*, the court concludes that this employment dispute was not unreasonable. Indeed it was foreseeable that an employee reasonably would object to a pay reduction of this magnitude.

Further, we find that the employee made a reasonable effort to resolve the dispute before leaving employment. After receiving the employer's offer, the employee made a counter-proposal, offering to work four days per week for the same compensation. The employer rejected the proposal. Lewis made another proposal, offering to work five days a week for $350.00, with reduced health benefits. Again her proposal was rejected. Negotiations continued "over a period of time." Finally, reaching an impasse, Lewis was told her employment would terminate on December 31, 1995. Thereafter she gave a two-week notice intending to work until December 20, 1995, which turned out to be her last day of employment. It seems from the record that although the employee was willing to negotiate a resolution of the dispute, the employer was adamant and refused to alter the terms of its initial proposal.

The Commission argues that Lewis had the burden to show that the proposed pay was less than the prevailing rate in the locality, and that burden was not met. This argument overlooks the fact that Lewis had been paid more than she was now being offered. Further, experience and common sense suggest that $7.50 per hour for an office manager of an insurance agency is at the lower end of the scale.

The Commission also argues that to adopt the employee's position in this matter would mean that an employee would have "good cause" to voluntarily quit whenever the employer refused to accede to the pay demands of the employee. However, the pay demand of the employee here was to continue to receive the same rate of pay she had been receiving.

We find that the circumstances here show that Mrs. Lewis left her employment voluntarily, but with good cause. Therefore, the decision of the Commission is reversed, and the claimant is awarded unemployment benefits commencing January 1, 1996.